## Elizabeth Hicks *et al.*

### *v.*

## Samuel J. Chapin.

Partition—*sufficiency of evidence of title.* In a proceeding for partition against parties in possession claiming title to the whole, where the answer expressly denied that the petitioner had any title or interest in the premises, the only evidence was contained in the master's report of the oral statements of a witness as to the title of each of the parties, which was corroborated by the master's report as to his examination of the record, there being no documentary evidence whatever: *Held,* that the evidence was wholly incompetent and insufficient to support a decree in favor of the petitioner, under the issues.

Writ of Error to the Circuit Court of Mason county; the Hon. Charles Turner, Judge, presiding.

Messrs. Lacey & Wallace, for the plaintiffs in error.

Mr. Hugh Fullerton, for the defendant in error.

Mr. Justice McAllister delivered the opinion of the Court:

This was a petition under the statute, filed in the Mason circuit court, by Chapin, the defendant in error, against plaintiffs in error, for partition of the west half of north-east quarter of section 1, township 21, range 5, in Mason county, the

petition alleging that petitioner and Elizabeth Hicks were owners of the premises in fee simple, and as tenants in common, and that Elizabeth Hicks was in the possession of the same.

An answer was filed by plaintiffs in error denying that Chapin had any valid title or interest in or to said premises, and averring that the title was in respondents; that they were owners in fee of the land, admitting possession in respondents, but denying every other allegation of the petition.

Upon replication being filed, the cause was referred by the court to a master in chancery to take and report the evidence to the court.

Under this reference, petitioner produced as a witness before the master one Wm. S. Leonard, who gave mere oral statements as to the title of Elizabeth Hicks and as to the title of Chapin. His statements were, that Chapin obtained his interest of $\frac{3}{16}$ from Britt, Dills & Co., who purchased of R. A. Leeper at sheriff's sale. At the sale, Britt, Dills & Co. bought 20 acres, but he afterwards compromised with Moses Hicks, and agreed to take 15 acres in lieu of 20 acres purchased at sheriff's sale, and this 15 acres is the land deeded by Britt, Dills & Co. to Samuel J. Chapin.

The master in chancery appended to the testimony of Leonard, which was the only evidence produced before him, a report of his own, that, on examination of the records, the statements of the witness, Wm. S. Leonard, are found to be as stated, in reference to the interest of the parties in the land, except that the deed from Harvey B. Leeper to Elizabeth Hicks of $\frac{1}{16}$ of the land does not appear of record. But the statement of the witness is relied upon as correct.

This report of the master, containing simply Leonard's oral statements as to the title of each of the parties, corroborated by the master's report as to his examination of records, without the production of one item of documentary evidence, constituted the sole basis for the decree of partition in this case.

It is scarcely necessary to say that the evidence was wholly incompetent and insufficient to support a decree, under the issues in this cause.

The decree will be reversed and the cause remanded.

*Decree reversed.*